1. MARIO ARMANDO OBREGON
2. PLAINTIFF
3. PIMA COUNTY JAIL 4D1
4. INMATE # 210304053
5. P.O. BOX 951
6. TUCSON, AZ 85702

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Armando Obregon, Plaintiff, vs. Christopher Nanos, et al., Defendants. | No. 4:22-CV-00074-RCC-PSOT<br><br>MOTION TO OPPOSE SUMMARY JUDGEMENT: STATEMENT TO OPPOSE SUMMARY JUDGEMENT |

Comes now, the plaintiff, Mario Armando Obregon, Pro-Se, with opposing response to the defendants summary judgement. On 12/09/22 the defendant, Christopher Nanos, filed a motion for summary judgement based on plaintiffs failure to exhaust available administrative remedies as required under the Prison Litigation Reform Act, 42 U.S.C. §1997e(a)("PLRA"). The reason plaintiff did not exhaust available administrative remedies is because the medical injury had already been caused. Plaintiff filed the grievance Feb. 6th 2022 to alert (PCADC) PIMA COUNTY DETENTION CENTER that for the 3 weeks prior, everyday, they were assigning one correction officer (co), per shift, to work two pods, 3D and 3C, while 3C was on level 3 quarantine for covid, and 3D was not quarantined. Feb 7th 2022 the grievance was rejected. Feb 8th 2022 Plaintiff tested positive for COVID. Even if Plaintiff

-1-

1. would have exhausted available administrative remedies,
2. there is no way the defendant could have remedied the
3. problem, for the medical injury was already caused to
4. the plaintiff due to the reckless disregard for my safety
5. and wellbeing. PCADC staff, under the supervision of
6. Christopher Nanos, caused plaintiff to contract COVID and
7. put plaintiffs life at risk of even death.
8.
9. OPPOSITION TO SUMMARY JUDGEMENT
10. (SoF ¶1) I have never met Gabriel Figueroa and I do not
11. know that if it is true he is employed by the PIMA COUNTY
12. SHERIFF DEPT. at PCADC as Lieutenant. (SoF ¶2) This
13. statement is true, however, defendant claims I stated
14. correction officers were not following an "unspecified"
15. quarantine protocol for COVID 19. COVID 19 is the specified
16. quarantine protocol. (SoF ¶3) Again, the specified quarantine
17. is for COVID. (SoF ¶4) Yes the grievance was dismissed
18. but because defendants claim the grievance did not follow
19. their grievance policy, however it did comply. (SoF ¶5) Plaintiff
20. agrees with this statement. (SoF ¶6) I agree with this statement.
21. and when I looked at the grievance policy it states;
22. IF GRIEVING STAFF, THE GRIEVANCE MUST INCLUDE A NAME,
23. OR A PHYSICAL DESCRIPTION OR THE LOCATION, TIME, AND
24. PLACE OF THE EVENT. See Exhibit 1. Grievance #1629054Y2
25. states the LOCATION, TIME FRAME, AND PLACE OF EVENT.
26. So The grievance did comply with the policy. see Exhibit 2.

-2-

1. Because PCADC administration failed to investigate the
2. matter proves a reckless disregard for the plaintiffs
3. wellbeing and because they continue to violate
4. COVID quarantine protocols. And each and every time
5. an officer traveled from an infected pod on COVID
6. quarantine to an uninfected pod not on COVID quarantine,
7. they violate the constitutional right of every inmate
8. by disregarding the safety and wellbeing of every inmate
9. in the uninfected pod, and putting lives at risk of
10. even death. (SOF ¶7) True statement (SOF ¶8) True statement.
11. (SOF ¶9) True statement. (SOF ¶10) True statement. (SOF ¶11) True
12. statement. (SOF ¶12) True statement. (SOF ¶13) True statement. (SOF ¶14)
13. True statement, however, there is already an officer assigned
14. to that COVID infected POD that Srgt Smith came out
15. from. It was not necessary for Srgt Smith to do a welfare
16. check in the infected pod because there was an
17. officer present. And Srgt Smith was not wearing a
18. mask or gloves when he traveled from 3C the pod
19. on COVID quarantine to 3D, an plaintiffs pod, not
20. on COVID quarantine. (SOF ¶15) True statement. (SOF ¶16) True
21. statement. (SOF ¶17) True statement, PCADC had failed to
22. test inmates in the POD for COVID before lifting the
23. quarantine to make sure no one was infected and to make
24. sure it was safe for inmates to be in contact with
25. each other. Inmates were still sick, I observed inmates
26. coughing and sneezing and said they were running fever.

1. (SOF#18) True statement. (SOF#19) True statement because
2. grievance #196172202 was submitted 8/17/22 and
3. administration didnt respond till 8/31/22. (SOF#20) PCADC
4. claims "staff investigated covid tracing and housing unit levels
5. and found no information that the unit in question had a
6. covid-positive inmate." But more than one inmate had
7. been removed from my POD 3D and the pod was on
8. lockdown quarantine for 10 days and the the quarantine
9. was lifted, but inmates were not tested to make sure
10. the COVID was gone and nobody was infected. (SOF#21)
11. True statement it was closed, but not investigated. (SOF#22)
12. True statement. (SOF#23) True statement. (SOF#24) True Statement.
13. (SOF#25) There was no such "Orientation." (SOF#26) True
14. statement. (SOF#27) I dont know what "ICD" stands for. True.
15. (SOF#28) True Statement. (SOF#29) True Statement. (SOF#30)
16. True Statement. (SOF#31) True Statement. (SOF#32) True
17. Statement. (SOF#33) True Statement. (SOF#34) True Statement!
18. (SOF#35) True Statement. (SOF#36) True Statement. (SOF#37)
19. I dont know. (SOF#38) I dont know. (SOF#39) OK, but I
20. dont know how to Appeal a grievance. (SOF#40) I was told
21. grievances needed to be done on the tablet electronically.
22. I was told paper is no longer accepted. (SOF#41) 1st time
23. Ive heard of this. (SOF#42) Same response as #40. There
24. is an Error in the Defendants summary judement.
25. after #42 is (SOF#26) True Statement. (SOF#44)
26. True statement, but Plaintiff has never appealed a grievance.

-4-

1. (SOF ¶ 45) True Statement. (SOF ¶ 46) True Statement. (SOF ¶ 47) Officer
2. Mines was claiming I had already been refunded which was
3. false, so I had to resubmit grievances several times.
4. See Exhibit 3a, 3b, 4a, 4b, 5a, 5b, 6a, 6b. This shows how
5. PCADC administration sometimes is a negligent when it
6. comes to adequately investigating a grieved issue at
7. hand. This also demonstrates how PCADC administration will
8. use a response redundantly when being negligent; similar
9. to the response given to grievance #162905442.
10. See Exhibit 2. Escobar rejected the grievance and
11. stated that the grievance did not comply with grievance
12. policy; however, it did, See Exhibit 1. (SOF ¶ 48) True
13. statement. (SOF ¶ 49) True; however this "temporary emergency
14. menu" consisted of about 1,300 calories per day. The
15. recommended nutritional value is 2,200 calories per day.
16. Plaintiff was served this "temporary emu emergency menu"
17. for several months. (SOF ¶ 50) True Statement. (SOF ¶ 51)
18. True statement. (SOF ¶ 52) True statement. (SOF ¶ 53) True
19. statement.
20. RESPECTFULLY SUBMITTED    Feb. 20, 2023
21.                                         These sworn statements are
22.                                         True and Correct under
23. MARIO ARMANDO OBREGON       the penalty of law, my
24.   Plaintiff, Pro-Se          Declaration.
25.
26.

-5-

CERTIFICATE OF SERVICE

I, Mario Armando Obregon, plaintiff, pro-se, certify that on Feb 20, 2023 am mailing this MOTION TO OPPOSE SUMMARY JUDGEMENT: STATEMENT TO OPPOSE SUMMARY JUDGEMENT. This motion is to SUPPORT: MOTION TO OPPOSE SUMMARY JUDGEMENT; MEMORANDUM OF LAW, AND, MOTION TO OPPOSE SUMMARY JUDGEMENT; ADDITIONAL FACTS (AF) TO OPPOSE SUMMARY JUDGEMENT. AND EXHIBITS are mailed ~~separately~~, same day Feb 20, 2023

Please send to:
Attorney of Christopher Nanos
Joey A. Flynn SBN 015430
Deputy County Attorney
32. North Stone Avenue, Suite 2100
Tucson, Az 85701
Joey.Flynn@pcao.pima.gov

Also requesting a copy sent to plaintiff, Mario Armando Obregon
PIMA COUNTY JAIL
P.O. Box 951
Tucson, Az. 85702

-6-